IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HUGO MEMBRENO MELENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1622 (LMB/WBP) |
| | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT et al., | ) | |
| | ) | |
| Respondents. | ) | |

<u>ORDER</u>

Petitioner Hugo Membreno Melendez ("Melendez"), an alleged citizen of El Salvador,

has filed a two-count First Amended Petition for Writ of Habeas Corpus ("Amended Petition") in

which he asserts that he has been illegally detained by the U.S. Department of Homeland

Security's ("DHS") Immigration and Customs Enforcement ("ICE") since September 26, 2025.

Specifically, he alleges that his characterization by DHS as an "applicant for admission"

pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C.

§ 1225(b)(2), violates 8 U.S.C. § 1226(a) and its implementing regulations (Count I) and his

procedural due process rights (Count II).

Melendez is currently detained at the Farmville Detention Center ("FDC"), which is

within this Court's jurisdiction and the basis upon which he is suing the Warden of the FDC.

Melendez has also sued U.S. Immigration and Customs Enforcement and the U.S. Attorney

General (collectively "the federal respondents"). For the reasons discussed in this Order, the

Court finds that Melendez is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, the

Amended Petition will be granted as to Count II, and the respondents will be ordered to release

Melendez from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

### I.

Melendez has resided in the United States since 2010. [Dkt. No. 10] at ¶ 12. He lives in Silver Spring, Maryland, and he has one 17-year-old stepson and two young U.S. citizen children. Id. ¶¶ 14, 16. There is no evidence in the record of Melendez having any arrests or convictions for any criminal offenses, including traffic offenses.

On September 24, 2025, Melendez was detained by ICE officers in Washington, D.C. and was placed into immigration custody. [Dkt. No. 6] at 5. On September 27, 2025, Melendez was issued a Notice to Appear ("NTA"),[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). Id. Since he was detained, ICE has not set bond, and Melendez has not been scheduled for a bond hearing before an IJ. See id.

Melendez filed his original Petition for Writ of Habeas Corpus ("Petition") on September 26, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Melendez not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On October 6, 2025, Melendez filed a Proposed Release Plan, which explains that, if released, he will reside with his partner and their children at their home in Maryland, where they have resided since 2015. [Dkt. No. 7] at 1. The federal respondents filed an opposition, [Dkt. No. 6], and Melendez filed a reply, [Dkt. No. 8]. On October 9, 2025, this Court denied

---

[1] Because the Court is granting relief on due process grounds, it need not address Melendez's claim for relief under 8 U.S.C. § 1226(a) and its implementing regulations.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

Melendez's Petition on the grounds that the Petition did "not properly allege a cause of action upon which this Court can grant relief," and it was unclear where Melendez was located based on the information provided in the Petition. [Dkt. No. 9]. On October 14, 2025, Melendez filed his Amended Petition, which addresses the deficiencies contained in the original Petition.

II.

The central question posed in this Amended Petition is whether Melendez is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).[3] The federal respondents contend that Melendez's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 6] at 8. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Melendez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 12.

---

[3] The federal respondents argue that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest this court of jurisdiction to review the legality of petitioners' detention. [Dkt. No. 6] at 6–7. These jurisdictional arguments are the exact arguments this Court rejected in Hasan v. Crawford, 2025 WL 2682255, at *3–4 (E.D. Va. Sept. 19, 2025). For all of the reasons stated in Hasan, this Court finds that it possesses jurisdiction to entertain this Petition to the extent petitioners challenge the constitutionality of their detentions.

3

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order.

Because Melendez has been present in the United States since 2010, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Melendez's detention is clearly governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

4

bond hearing before an Immigration Judge who must determine whether Melendez poses a danger to the community or presents a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless and until the Immigration Judge makes such a determination, Melendez's continued detention is unlawful.

### III.

For all the reasons stated above, Melendez's Amended Petition [Dkt. No. 10] is GRANTED, and it is hereby

ORDERED that Melendez be released from custody, with all his personal property, pending his bond hearing before the Immigration Judge. Melendez must live at the fixed address identified in his Proposed Release Plan [Dkt. No. 7] and appear at the bond hearing once the government notifies him of the hearing's date, time, and location; and it is further

ORDERED that respondents provide Melendez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Melendez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Melendez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Melendez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 16 day of October, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

5